IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:16CR04–HEH
)
JAEVON HIGGS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Jaevon Higgs, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 45).[1] Higgs demands relief because:

| | |
|---|---|
| Claim One: | Higgs's "sentence is procedurally unreasonable in light of [*Dean v. United States*, 137 S. Ct. 1170 (2017)] and requires the sentence to be vacated." (§ 2255 Mot. 3; Mem. Supp. § 2255 Mot. 4, ECF No. 46.) |
| Claim Two: | "The sentence must be vacated to remove the 2-level enhancement" (§ 2255 Mot. 4), under *Dean* "because it is double-counting." (Mem. Supp. § 2255 Mot. 4). |
| Claim Three: | "In light of [*Johnson v. United States*, 135 S. Ct. 2551 (2015)] . . . [his] § 924(c) conviction must be vacated." (§ 2255 Mot. 5; Mem. Supp. § 2255 Mot. 5.) |
| Claim Four: | "Counsel[] was ineffective for failing to raise these issues and also failing to appeal seeing that the [§] 924(c) issue was still in conflict among the circuits." (§ 2255 Mot. 6.) |

---

[1] The Court employs the pagination assigned to Higgs's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Higgs's submissions.

The Government responded, asserting that Claims One, Two, and Three are procedurally defaulted and lack merit, and that Claim Four also lacks merit. (ECF No. 50.) Higgs has filed a Reply. (ECF No. 51.) Higgs also filed a Motion to Supplement. (ECF No. 54.) For the reasons set forth below, Higgs's § 2255 Motion (ECF No. 45) will be denied.

## I. PROCEDURAL HISTORY

On January 5, 2016, a grand jury charged Higgs with bank robbery, in violation of 18. U.S.C. § 2113(a). (Indictment 1, ECF No. 3.) On February 16, 2016, a grand jury charged Higgs with bank robbery and an additional count of possession of a firearm by a convicted felon. (Supeseding Indictment 1–2, ECF No. 17.) Finally, on April 20, 2016, the Government charged Higgs with bank robbery (Count One) and brandishing a firearm during and in relation to a crime of violence, to wit: bank robbery, in violation of 18 U.S.C. § 924(c) (Count Two). (Crim. Information 1–2, ECF No. 24.) On April 20, 2016, Higgs entered into a plea agreement to Counts One and Two. (Plea Agreement ¶ 1, ECF No. 29.) In his Plea Agreement, Higgs waived the right to appeal his convictions or "any sentence within the statutory maximum . . . (or the manner in which that sentence was determined)." (*Id.* ¶ 6.) In the accompanying Statement of Facts, Higgs agreed, in pertinent part, that the following facts were true and correct:

> On or about September 18, 2015, JAEVON ANTWAN HIGGS entered the Bellwood Credit Union, located at 7101 Jefferson Davis Highway, Richmond, Virginia, a division of the Henrico Federal Credit Union, a Federal credit union as defined in section 2 of the Federal Credit Union Act, with another individual. The second individual brandished a firearm, specifically a pistol, as HIGGS vaulted the teller's counter and by force and intimidation took from the person and presence of the bank employees approximately $9,987 in United States currency that was in the bank's care, custody, and control.

2

On January 6, 2016, law enforcement officers executed a search warrant at HIGGS'S apartment and recovered a Heckler and Koch USP compact .40 caliber pistol . . . and .40 caliber ammunition. This pistol is similar to the description of the pistol used in the September 18, 2015 robbery.

(Statement of Facts ¶¶ 1–2, ECF No. 28.)

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. (ECF No. 35.) Higgs's base offense level was 20 for bank robbery. (PSR ¶ 17.) Because Higgs took the property of a financial institution, he received a two-level increase. (*Id.* ¶ 18.) With a three-point reduction for acceptance of responsibility, Higgs's total offense level was 19. (*Id.* ¶¶ 24–26.) Higgs's criminal history category was III, based, in part, because Higgs committed the instant offense while he was serving a criminal justice sentence for statutory burglary. (*Id.* ¶¶ 31, 32.) Higgs faced a sentencing guidelines range of 37 to 46 months on Count One, and 84 months to run consecutive, on Count Two, which was the statutory mandatory minimum sentence Higgs could receive. (*Id.* at 13.) On July 19, 2016, the Court entered judgment against Higgs and sentenced him to 43 months of imprisonment on Count One and a consecutive term of 84 months of imprisonment on Count Two. (J. 2, ECF No. 40.) Higgs filed no appeal.

## II.    ANALYSIS

The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claims One, Two, and Three are barred from review here because Higgs could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining

3

that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Nevertheless, because these claims clearly are unavailable in § 2255 or lack merit, the Court addresses the merits of these claims.

### A. Claims Pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017)

In Claims One and Two, Higgs argues that his sentence is procedurally unreasonable pursuant to the United States Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), and that the Court should reduce his sentence. In *Dean*, the Supreme Court interpreted the language of 28 U.S.C. § 924(c) and held:

> That language simply requires any mandatory minimum under § 924(c) to be imposed "in addition to" the sentence for the predicate offense, and to run consecutively to that sentence. Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense.

*Id.* at 1178. Higgs's advisory guidelines range for his non-924(c) conviction was 37 to 46 months. (PSR at 13.) The Court sentenced Higgs to 43 months, a fairly lenient sentence considering his criminal background and the current offense. Moreover, Higgs fails to demonstrate that the rule announced in *Dean* applies retroactively to cases on collateral review. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (denying authorization to file a successive § 2255 because motion did not show that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review); *Rich v. United States*, Nos. RDB–08–438, RDB–17–3731, 2018 WL 3219847, at *2 (D. Md. July 2, 2018) (citations omitted) (explaining that "the rule announced in *Dean* is not a new right made retroactive to cases on collateral review"); *United States v. Hill*,

4

No. 3:07CR407, 2017 WL 4544673, at *7–8 (E.D. Va. Oct. 11, 2017). Thus, Higgs may not utilize *Dean* to revisit his sentence at this juncture. Accordingly, Claims One and Two will be dismissed.

### B. *Johnson* Claim

In Claim Three, Higgs contends his 924(c) conviction is illegal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Higgs is incorrect. Higgs's conviction under 18 U.S.C. § 924(c)(1) was predicated on a charge of armed bank robbery. The United States Court of Appeals for the Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely constitutes a crime of violence under the force clause, § 924(c)(3)(A). *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). Thus, Higgs's conviction of armed bank robbery qualified as a predicate offense for the purposes of § 924(c)(1) under the force clause, not the residual clause. *Johnson*, therefore, fails to provide Higgs with the relief he seeks. Accordingly, Claim Three will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component

requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Four, Higgs claims "[c]ounsel[] was ineffective for failing to raise these issues and also failing to appeal seeing that the [§] 924(c) issue was still in conflict among the circuits." (§ 2255 Mot. 6.) Higgs fails to identify what "these issues" are specifically; however, from his Memorandum in Support and his Reply, it is clear that he focuses on counsel's failure to raise the *Johnson v. United States*, 135 S. Ct. 2551 (2015) issue prior to his guilty plea and on appeal. (Mem. Supp. § 2255 Mot. 6; Reply 2, 6–7.) However, as previously discussed in conjunction with Claim Three, trial counsel cannot be faulted for failing to advance this meritless claim. Thus, Higgs demonstrates neither deficiency of counsel nor resulting prejudice.

To the extent that Higgs argues that counsel failed to file an appeal raising his *Johnson* claim, he again fails to demonstrate any deficiency of counsel or resulting prejudice. As a preliminary matter, Higgs waived his right to appeal his convictions, any sentence within the statutory maximum, and the manner in which the Court arrived at his sentence. Thus, counsel filed no appeal for Higgs.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to

appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). This determination must take into account "all the information counsel knew or should have known." *Id.* (citation omitted).

If the attorney received no express instruction to file a notice of appeal, and no consultation has occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* at 478. The prejudice prong requires "that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id.* at 484 (citations omitted).

Higgs's filings are devoid of any indication that he expressly instructed counsel to appeal or gave counsel any indication that he wanted to appeal. Rather, Higgs premises his claim solely on the fact that "counsel[] should have been aware of the ongoing conflict surrounding the [§] 924(c) crime of violence being unconstitutional." (Mem. Supp. § 2255 Mot. 6.) He also argues that "there is no logical reason why a competent counsel[] would not [have] preserve[d] the error for the record or even file[d] an appeal to contest the issue." (Reply 7.)

In this situation, where Higgs expressed no interest in appealing, the relevant inquiry is, "whether the circumstances would reasonably have led counsel to conclude that 'a rational defendant would want to appeal,' thus prompting counsel's duty to

consult." *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010) (citing *Flores-Ortega*, 528 U.S. at 480)).

> In determining whether a rational defendant would have wanted to appeal, [the Court] consider[s] important the facts concerning whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* (citing *Flores-Ortega*, 528 U.S. at 480)). A defendant's expression of an interest in appealing, without more, does not establish that he would have appealed but for counsel's deficient performance. *Flores-Ortega*, 528 U.S. at 486. As explained below, Higgs fails to demonstrate that the circumstances would have reasonably led counsel to conclude that a rational defendant would want to appeal. Higgs also fails to demonstrate any resulting prejudice.

When Higgs pled guilty, he was aware that the mandatory minimum sentence for the § 924(c) count (Count Two) was 84 months, and that is the exact sentence he received for that count. (Plea Agreement ¶ 1; J. 2.) For bank robbery, Higgs agreed that he understood he could receive up to twenty years of incarceration. (Plea Agreement ¶ 1.) Due to his guilty plea, Higgs received the benefit of a three-level deduction for acceptance of responsibility, which decreased his guidelines range to 37 to 46 months, when it would have been 51 to 63 months, had he been convicted after a trial. *U.S. Sentencing Guidelines Manual*, Sentencing Table (U.S. Sentencing Comm'n 2015). Higgs received a sentence of 43 months on Count One, which was significantly less than the maximum statutory sentence, and was in the middle of the guideline range of 37 to 46 months. (PSR 13.) Higgs also entered a knowing and voluntary guilty plea wherein he

8

waived his right to appeal *any* sentence that the Court imposed within the statutory maximum and the manner in which the Court arrived at that sentence. (Plea Agreement ¶ 6.)

Although Higgs argues that counsel should have challenged his § 924(c) conviction under *Johnson*, this argument would have been entirely frivolous. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). Thus, having entered into a knowing and voluntary plea agreement, having the benefit of a plea that decreased Higgs's sentencing exposure, and because the claim Higgs argues counsel should have raised on appeal is frivolous and no other discernible nonfrivolous appealable issues exist, counsel would be justified in thinking that no reasonable defendant in Higgs's position would want to appeal his conviction and sentence. *See Flores-Ortega*, 528 U.S. at 479–80.

Even if the Court found that counsel acted deficiently because she failed to consult with Higgs about an appeal, Higgs fails to demonstrate any resulting prejudice. Higgs has not demonstrated that "but for counsel's deficient failure to consult with him about an appeal, he would have *timely* appealed." *Flores-Ortega*, 528 U.S. at 484 (emphasis added). Higgs fails to advance any argument as to why, after a proper consultation, he would have instructed counsel to appeal. Higgs has not identified, and the Court fails to discern, any nonfrivolous grounds for appeal. To the contrary, Higgs has advanced only frivolous challenges to his conviction and sentence based on his mistaken belief that *Johnson* applies to his conviction for bank robbery. Thus, Higgs fails to demonstrate any

prejudice from counsel's failure to consult with him. Accordingly, Claim Four lacks merit and will also be dismissed.

### IV. MOTION TO SUPPLEMENT

In his Motion to Supplement, Higgs fails to articulate clearly any ground for supplementing his § 2255 Motion. Higgs indicates that "the 4th Circuit has made 2 rulings that have shown that . . [.] 'if the government failed at sentencing or prior' specify which prongs it was relying it doesn't get a chance to go so now and it has lost its rights to do as well. (US v. Hodge, 2018 WL 3999898 (4th Cir. 2018)." (Mot. Supp. 1, ECF No. 54.) To the extent that Higgs suggests that *United States v. Hodge*, No. 17–6054, --- F.3d----, 2018 WL 3999898 (4th Cir. Aug. 22, 2018) somehow entitles him to relief, he is incorrect. In *Hodge*, the United States Court of Appeals for the Fourth Circuit explained that the Government must identify the convictions it wishes to use to support an enhanced sentence under the Armed Career Criminal Act (ACCA") at the time of sentencing. *Hodge*, 2018 WL 3999898, at *6. Higgs was not sentenced under ACCA, and therefore, Hodge provides him with no relief. Higgs's Motion to Supplement (ECF No. 54) will be denied as futile.

### V. CONCLUSION

For the foregoing reasons, Higgs's § 2255 Motion (ECF No. 45) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

                         /s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT
JUDGE

Date: Sept. 28, 2018
Richmond, Virginia

11