FILED
MAY 30 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 3:16CR04–HEH
)
JAEVON ANTWAN HIGGS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Jaevon Higgs, a federal inmate proceeding *pro se*, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 45). Higgs argued, *inter alia*, that in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction of brandishing a firearm during and in relation to a crime of violence, to wit: bank robbery, in violation of 18 U.S.C. § 924(c), was unconstitutional. By Memorandum Opinion and Order entered on September 28, 2018, the Court denied the § 2255 Motion. (ECF Nos. 55, 56.) On October 9, 2018, the Court received Higgs's Motion to Reconsider the 2255 Relief Pursuant to FRCP 59(e). ("Rule 59(e) Motion," ECF No. 57.) On February 1, 2019, the Court received a Motion to Supplement his Pending § 2255 Motion. ("Motion to Supplement," ECF No. 58.)

As a preliminary matter, because Higgs's § 2255 Motion was denied on September 28, 2018, there is no pending § 2255 Motion to Supplement. Moreover, as

discussed below in conjunction with his Rule 59(e) Motion, the attempt to supplement would be futile.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Higgs fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct an error of law or to prevent manifest injustice. Higgs, however, fails to demonstrate that the Court committed an error of law or that vacating the September 28, 2018 Memorandum Opinion and Order is necessary to prevent an injustice. First, Higgs contends that the Court failed to acknowledge certain case law in its Memorandum Opinion; however, he fails to identify an error of law. Higgs also argues that his § 924(c) conviction should be vacated because "924(c) itself" has been invalidated. (Rule 59(e) Mot. 1.) That is simply not true and warrants no further discussion. Additionally, to the extent that he argues that bank robbery cannot be a 924(c) predicate, as explained in the September 28, 2018 Memorandum Opinion, the United States Court of Appeals for the Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely constitutes a crime of violence

2

under the force clause, § 924(c)(3)(A). *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016). Accordingly, the Rule 59(e) Motion (ECF No. 57) will be denied.

In his Motion to Supplement, Higgs argues that the Fourth Circuit's recent case *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc) makes his § 924(c) conviction invalid. *Simms* explained that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 233–34. *Simms* simply has no bearing on Higgs's § 924(c) conviction predicated on bank robbery. Thus, the Motion to Supplement (ECF No. 58) will be denied as futile. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: May 30, 2019
Richmond, Virginia

3